6

THE STATE, EX REL. FOLEY, APPELLEE, *v.* GREYHOUND
LINES, INC., ET AL., APPELLANTS.

(No. 68-113—Decided November 13, 1968.)

*Messrs. Clayman, Jaffy & Taylor* and *Mr. Stewart R. Jaffy,* for appellee.

*Messrs. Knepper, White, Richards & Miller, Mr. William E. Knepper, Mr. Thomas E. Palmer* and *Mr. George N. Fell,* for appellant Greyhound Lines, Inc.

*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. J. William Petro,* for appellants Jay C. Flowers, Administrator, Bureau of Workmen's Compensation, and the Industrial Commission of Ohio.

ZIMMERMAN, J.   In January 1963, Foley, an employee of Greyhound Lines, Inc., in the course of and arising out of his employment, sustained injuries to his back, to his shoulder and to his ankle in the same accident.  His claim for compensation was allowed by the Industrial Commission, and he was awarded compensation, first, on the basis of temporary total disability, then, in May 1965, on the basis of permanent total disability, under the provisions of Section 4123.58, Revised Code, which latter award he is still being paid.

After the amputation referred to, which was attributable to Foley's January 1963 injuries, he filed an application to reactivate his original claim and to be paid additional compensation for permanent partial disability under Section 4123.57 (C), Revised Code, for the loss of his left foot.

At first, such application was approved and granted by the deputy administrator and the additional award made, but, on reconsideration, this order was vacated by the administrator on the ground that the deputy administrator lacked authority to grant any award under Section 4123.57 (C), since Foley was already being paid the maximum award for permanent total disability.  The order of the administrator was affirmed by the Columbus Regional Board of Review.

An appeal to the Industrial Commission was denied, the commission taking the position that, because Foley was already being paid the maximum award permitted by law

under Section 4123.58, Revised Code, he was not entitled to more.

Could Foley properly resort to an action in mandamus in the Court of Appeals to accomplish his objective?

The demurrer to the petition in mandamus was based on the ground that the Court of Appeals had no jurisdiction of the subject matter of the action. That demurrer was overruled, and the court proceeded to decide the controversy in Foley's favor.

In the mandamus case of *State, ex rel. Latino,* v. *Indus. Comm.,* 13 Ohio St. 2d 103, 234 N. E. 2d 912, it was held that an injured workman in the circumstances presented was entitled to an award for permanent partial disability due to injuries sustained in a fall and was also entitled to an award for permanent total disability due to the contraction of silicosis.

In the first paragraph of the opinion in the *Latino case* the following statement appears:

"It seems clear that an appeal from the determination of the Industrial Commission in this case was available under Section 4123.519, Revised Code, and that under such circumstances mandamus does not lie. The existence and adequacy of this remedy at law was not raised in the Court of Appeals, so in the interest of judicial economy we have chosen to decide the appeal on its merits."

In the recent case of *State, ex rel. Benton,* v. *C. & So. O. Elec. Co.,* 14 Ohio St. 2d 130, 237 N. E. 2d 134, the first paragraph of the syllabus reads:

"Mandamus cannot be used as a substitute for an appeal pursuant to Section 4123.519, Revised Code, where an appeal thereunder is available to test a determination of the Industrial Commission."

We think that paragraph one of the syllabus of the *Benton case,* which followed paragraph one of the syllabus of *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85, 218 N. E. 2d 428, is applicable here.

Section 4123.519, Revised Code, reads, in part:

"The claimant or the employer may appeal a decision

of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted * * *."

The "extent" of Foley's disability is not involved, since he was awarded and is drawing the maximum benefits allowable for permanent total disability. His present claim is based entirely on his right to *additional compensation* for the loss of a foot by the application of another section of the statutes.

In our opinion, appeal to the Court of Common Pleas is available to Foley and provides an adequate remedy at law, and his action in mandamus is thereby precluded.

During oral argument of this case before this court counsel for Foley stated that an appeal from the adverse determination of the Industrial Commission has been perfected and that such appeal is pending.

For the reasons stated, the judgment of the Court of Appeals is reversed, and final judgment is rendered for the appellants.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, DOYLE, SCHNEIDER and BROWN, JJ., concur.

DOYLE, J., of the Ninth Appellate District, sitting for HERBERT, J.