THE STATE, EX REL. MANSOUR, *v.* INDUSTRIAL COMMISSION ET AL.

(No. 9101—Decided December 17, 1968.)

*Mr. Harold Ticktin,* for relator.

*Mr. William B. Saxbe,* attorney general, *Mr. Walter Howdyshell* and *Mr. James Maurer,* for respondent Industrial Commission.

*Messrs. Riegler, Spohn & Sanislo,* for respondent Accurate Die Casting Company.

*Per Curiam.* Sam Mansour, the relator, injured his left elbow while employed by Accurate Die Casting Company on February 23, 1966. As a result of that injury relator underwent surgery, following which he was unable to

return to his regular job as a die cast operator and, therefore, was given a job as an inspector.

Relator filed a claim for workmen's compensation on May 9, 1966. He was paid compensation for a temporary total disability from October 6 to October 30, 1966, the period of recuperation after the operation. No disability was paid for the period up to October 6 because relator had continued to work at his regular job. On August 8, 1967, relator filed an application for a determination of the percentage of permanent partial disability, pursuant to which the commission determined his disability to be ten per cent (10%). On October 24, 1967, believing that he would return to work at his regular job, relator filed an election to be compensated for the percentage of permanent partial disability under Section 4123.57 (B), Revised Code, rather than for impairment of earning capacity under Section 4123.57 (A), Revised Code.

On November 13, 1967, after learning that he was not to be re-employed at his regular job, relator filed a motion to change his election pursuant to the provisions of Section 4123.57, Revised Code. The commission refused to grant the motion because of the commission's Rule 15 (C) 7. That rule states that no change of election will be permitted when made while represented by an attorney. Section 4123.57, Revised Code, says the election may be changed upon approval of the Industrial Commission for *good cause shown.*

We believe the rule as applied by the commission is unreasonable. However, the decision of the commission in this case did not reach the question of extent of disability. The decision was apparently appealable under Section 4123.519, Revised Code. Where such an appeal is available and adequate, an injured workman may not resort to an action in mandamus to enforce his claimed rights. *State, ex rel. Foley,* v. *Greyhound Lines* (1968), 16 Ohio St. 2d 6.

In view of the *Foley* v. *Greyhound case, supra,* the writ must be denied.

*Writ denied.*

Duffey, P. J., Troop and Duffy, JJ., concur.