THE STATE, EX REL. MADDOX, *v.* KRISE ET AL.

(No. 9070—Decided December 17, 1968.)

*Messrs. Rudd, Ober & Miller* and *Mr. Benjamin B. Sheerer,* for relator.

*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. John C. Boyd,* for respondents members of and the Industrial Commission.

*Messrs. Knepper, White, Richards & Miller* and *Mr. Thomas E. Palmer,* for respondent Eastern Greyhound Lines.

*Per Curiam.* Relator drove a bus for the Greyhound Lines for 13 years prior to this accident. On March 16, 1964, 25 to 30 cardboard boxes fell over and struck him. No one disputes the fact that following this accident he was permanently and totally disabled. However, the commission denied relator compensation under Section 4123.58, Revised Code, on the ground that the disability was the result of a pre-existing condition and not the result of the accident. Relator was hospitalized for seven years due to polio when he was about six. He also underwent surgery during that period of time.

While the action of the Industrial Commission seems unreasonable, mandamus is not the proper remedy to cure its error. Where an appeal under Section 4123.519, Revised Code, from an adverse determination of the Industrial Commission is available to an injured workman, he may not resort to an action in mandamus to enforce his claimed right. *State, ex rel. Foley,* v. *Greyhound Lines* (1968), 16 Ohio St. 2d 6. See also *State, ex rel. Sibarco Corp.,* v. *Berea* (1966), 7 Ohio St. 2d 85, and *State, ex rel. Benton,* v. *C. & So. O. Elec. Co.* (1968), 14 Ohio St. 2d 130, cited by the court in *Foley, supra.*

Relator could have appealed the ruling by the commission under Section 4123.519, Revised Code. That section allows an appeal to be brought to the Court of Common Pleas from any decision of the Industrial Commission, except decisions as to the extent of disability. The decision rendered here by the commission does not deal with the extent of relator's disability, *i. e.,* whether the disability is temporary or permanent, and whether it is total or par-

tial. The decision deals only with the question of whether the disability resulted from the accident or from a pre-existing condition. Since a decision as to *cause* of disability is appealable under Section 4123.519, relator had an adequate remedy through appeal.

In view of *Foley* v. *Greyhound, supra,* the writ will have to be denied.

*Writ denied.*

TROOP, J. (Presiding), DUFFY and HERBERT, JJ., concur.