THE STATE, EX REL. MANSOUR, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE, ET AL.

(No. 69-69—Decided July 9, 1969.)

*Mr. Harold Ticktin*, for appellant.

*Mr. Paul W. Brown*, attorney general, *Mr. Walter J. Howdyshell* and *Mr. James Maurer*, for appellee.

DUNCAN, J. A major contribution to the confusion presented in this appeal is the ambiguity of the order of the Industrial Commission in which relator's motion for a change of election was denied, *i. e.*, "for the reason that such procedure is not indicated." The commission argues in its brief that the motion was denied because relator "failed to show good cause for his request to change election." Apparently the court below did not arrive at a similar conclusion, for in its *per curiam* opinion that court clearly stated that "the commission refused to grant the motion because of the commission's Rule 15 (C) 7." Although the ambiguity of the order and the paucity of facts of record to illuminate its darkness may well be a sufficient basis for granting relator relief, we will take incentive from the other latent problems presented, rely on the findings of fact of the court below, and make a judgment which will be more relevant.

The rule that mandamus will not lie to control a court's discretion, unless it be clearly shown that the refusal to perform the desired act is an abuse of such discretion, is well chronicled by prior decisions of this court. Equally well impressed in our decisions is the denial of such relief because of the availability of an adequate legal remedy. See *State, ex rel. Pressley*, v. *Indus. Comm.*, 11 Ohio St. 2d 141, and cases cited therein.

Section 4123.519, Revised Code, provides for an appeal to the Court of Common Pleas in any injury case, other than a decision as to the extent of disability. In workmen's compensation cases, this court has been keen to preserve the extraordinary remedy of mandamus as well as to require utilization of the statutory appeal. See *State, ex rel. Ferris*, v. *Indus. Comm.*, 17 Ohio St. 2d 49; *State, ex rel. Foley*, v. *Greyhound Lines*, 16 Ohio St. 2d 6; *State, ex rel. Latino*, v. *Indus. Comm.*, 13 Ohio St. 2d 103; *State, ex rel. Benton*, v. *C. & So. Ohio Elec. Co.*, 14 Ohio St. 2d 130; *Carpenter* v. *Scanlon*, 168 Ohio St. 139. See *State, ex rel. Federated Dept. Stores*, v. *Brown*, 165 Ohio St. 521.

The large number of cases decided by this court determining what is included within the "extent of disability," as those words are used in Section 4123.519, Revised Code, attests to the fact that in the galaxy of decisions of the Industrial Commission some do not easily come to rest in assigned legal grooves. As we view it, such is the case at bar.

Section 4123.57, Revised Code, provides, *inter alia*, in division (A), for the payment of compensation *based upon an impairment of earning capacity* resulting from injury. Under division (B), the Industrial Commission determines the *percentage of permanent disability* based upon the condition of the employee resulting from the injury and pays compensation accordingly. That statute also provides that the employee may elect as between (A) and (B) as to the *manner of receiving the compensation*, and that the election filed by the employee may be changed upon approval of the Industrial Commission *for good cause shown.*

The obvious implicit question is presented whether a decision by the Industrial Commission upon an application to change an election from Section 4123.57(B) to 4123.57(A) is other than a decision as to the extent of disability.

In the case of *Miles* v. *Electric Auto-Lite Co.*, 133 Ohio St. 613, at page 616, the court stated:

"It has been recognized from the beginning that the

Industrial Commission, in its administration of the workmen's compensation law, is not to be regarded as an adversary of the claimant as in other litigation. As was well said by Nichols, C. J., in *Roma* v. *Industrial Commission*, 97 Ohio St. 247, at page 252, 119 N. E., 461. 'The state of Ohio by the very terms of the law becomes in fact the representative, if not the champion, of the claimant, to the extent of seeing that exact justice is done him, and it is quite manifestly the intention of the law that the ordinary rules of procedure, although wise and fair in the abstract, must give way, if, in adhering to them, any conclusion even savoring of injustice would result.'

"As a further indication of the character of the proceedings had in an Industrial Commission case, we need only point to the fact that after trial is had in Common Pleas Court to 'determine the right of the claimant to participate,' if the verdict be in favor of the claimant, the proceedings are returned to the jurisdiction of the Industrial Commission to determine the extent of disability and amount of compensation to be awarded therefor. In other words, the entire proceedings, while subject to the rules and regulations provided by law, should be so administered as 'to carry out justly the spirit' of the law as required by Section 1465-91, General Code."

The above-quoted language emphasizes that the administration of the Workmen's Compensation Act must complement its spirit. The court noted that the duty of the Industrial Commission, after a court decision, is to determine (1) the extent of disability and (2) amount of compensation to be awarded therefor. We believe the basic spirit of the law now to be the same under the provisions of Section 4123.519 and Section 4123.57, Revised Code.

In *Carpenter* v. *Scanlon*, 168 Ohio St. 139, it was argued that a finding that "the arthritic condition is not related to [the] injury" was not appealable under Section 4123.519. The court stated:

"The finding of the administrator that 'the claimant's

generalized arthritic involvement is not related to or the result of the injury in this claim, and, therefore, payment of compensation or for medical services for the treatment of said condition is not authorized,' is clearly not 'a decision as to the extent of disability' but rather a finding that the arthritic condition of claimant was not a disability resulting from the injury—*an absolute denial of the claim on a jurisdictional ground going to the basis of claimant's right.* From such a decision an appeal is authorized by the above-quoted provision of the Code.'' (Emphasis supplied.)

The emphasized language provides another guideline for identification of the scope of the ''extent of disability'' as used in the statute, *i. e.*, a denial that is absolute going to the basis of claimant's right. If this kind of a denial has not been made by the Industrial Commission, it follows that the appeal would be unavailable.

In *State, ex rel. Kauffman*, v. *Indus. Comm.*, 121 Ohio St. 472, the first paragraph of the syllabus reads:

''By virtue of Section 1465-90, General Code [Section 4123.519, Revised Code], in cases heard on appeal to a Common Pleas Court from the Industrial Commission, the jury may only find whether or not the claimant is entitled to participate in the Workmen's Compensation Fund, and the court may only pronounce judgment whether the claimant is entitled to participate in the Workmen's Compensation Fund and to be paid in the manner provided by the workmen's compensation law.''

See, also, *Brecount* v. *Procter & Gamble Co.*, 166 Ohio St. 477, the second paragraph of the syllabus of which reads as follows:

''In the event plaintiff's right to participate is established in such case, the Industrial Commission has exclusive jurisdiction to determine, under the Workmen's Compensation Act, the extent of such participation. (*State, ex rel. Kauffman*, v. *Industrial Commission*, 121 Ohio St. 472, and *Fisher Body Co.* v. *Cheflo*, 122 Ohio St. 142, approved and followed.)''

Section 4123.519, Revised Code, prior to December 11, 1967, also read, in part:

"The claimant shall * * * file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues. * * * The court * * * shall determine the right of the claimant to participate or to continue to participate in the fund * * *."

The instant case vividly illustrates that certain decisions of the Industrial Commission are not always appealable solely for the reason that they do not award a numerically evaluated percentage of disability, and fit a narrow view of the extent of disability. Without a statutory instruction, the General Assembly, in Section 4123.57, has unequivocally lodged discretion in the administrative agency to determine what is "good cause" for change of an election. It is argued that, upon appeal from a decision of the commission, regarding a change of election, a Court of Common Pleas could determine whether or not relator could "continue to participate" in the fund. The obvious result would be the substitution of the court's judgment for that of the Industrial Commission, without any identifiable legal standard, and the substitution of its discretion for that of the commission. If the Court of Common Pleas were to hear this case, and decide that the Industrial Commission should hear it upon the merits, it could not enter a judgment of remand. As stated by Stewart, J., in *State, ex rel. Federated Dept. Stores,* v. *Brown, supra,* at page 525: "There is no provision for remanding a cause to the commission * * *."

Here, relator's injury has been fully recognized, and his ultimate right to participate in the fund established. There is *no* absolute denial of the claim on a jurisdictional ground going to the basis of his claim, as was mentioned in the *Carpenter case, supra* (168 Ohio St. 139). Relator has received compensation in the form of a 10 per cent permanent partial disability. This fact should be considered by the Industrial Commission in determining whether good cause is shown for a change of election. The

prior reception of compensation is incidental to a determination upon a request for a change of form, and there may well be an application for a change of election before any compensation is received. The statutory duty of the commission is constant; it should hear the facts and make a determination, which can be overturned only in the event of an abuse of discretion. Herein, we are dealing only with the *extent of participation* for recognized injury. See the *Brecount case, supra* (166 Ohio St. 477).

As another example, is a decision by the Industrial Commission not to grant a claimant, who has an award payable periodically, a lump-sum settlement, a decision other than a decision going to the extent of disability? Reference to the spirit of the law and the issues triable under Section 4123.519, Revised Code, demands a negative answer. It is clearly a decision other than one going to the extent of disability.

We agree with the Court of Appeals that Industrial Commission Rule 15(C) 7 is unreasonable as being in conflict with Section 4123.57, Revised Code. Having legal representation at the time an election is made cannot be "good cause shown" for denying the election.

In *State, ex rel. Foley,* v. *Greyhound Lines, supra* (16 Ohio St. 2d 6), the question raised was whether relator had a legal right to receive compensation under Section 4123.57(C), Revised Code, for the loss of his left leg and foot by amputation while being paid on the basis of permanent total disability under the provisions of Section 4123.58, Revised Code. Foley wanted added compensation for loss of his foot and leg, which is a legal question basic to his ultimate right to be compensated for a specific injury and was properly determinable by the Court of Common Pleas under pleading in accordance with the review statute.

Under the provisions of Section 4123.519, Revised Code, an order of the Industrial Commission refusing to allow a change of election for payment of compensation from Section 4123.57(B) to Section 4123.57(A) is not a decision other than the extent of disability, and is not

appealable to the Court of Common Pleas under Section 4123.519, Revised Code. The judgment of the Court of Appeals is reversed and the writ of mandamus is allowed.

*Judgment reversed and writ allowed.*

GRAY, MATTHIAS, O'NEILL, SCHNEIDER and HERBERT, JJ., concur.

TAFT, C. J., dissents from paragraph two of the syllabus and from the judgment.

GRAY, J., of the Fourth Appellate District, sitting for ZIMMERMAN, J. Because of the inability, "by reason of illness," of JUSTICE CHARLES B. ZIMMERMAN "to hear, consider and decide" this cause, JUDGE GRAY of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE ZIMMERMAN, and JUDGE GRAY did so and heard and considered this cause prior to the decease of JUSTICE ZIMMERMAN on June 5, 1969.