ANDERSON, APPELLANT, *v.* FLOWERS, ADMR., BUREAU OF WORKMEN'S COMP., ET AL., APPELLEES.

(No. 456—Decided August 11, 1969.)

*Mr. Chester T. Freeman,* for appellant.

*Mr. Paul W. Brown,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. Donald E. Ely,* for appellee-administrator.

RUTHERFORD, J. In this case, the claimant after filing application was granted the right to participate in the Workmen's Compensation Fund. Disability was determined to be twenty per cent and her average weekly wage was fixed at $20 per week.

Thereafter, she filed an application with the Bureau of Workmen's Compensation to have her average weekly wage raised to a higher figure on the basis of the proof on file, and requested that her wage be fixed at a minimum of $45.15 per week. She alleges that the administrator in a decision dated January 30, 1967, without hearing and without notice, denied said application, which decision of the administrator of January 30, 1967, was affirmed by the

Columbus Regional Board of Review on May 19, 1967, and by the Industrial Commission of Ohio on August 28, 1967.

Claimant alleges that the decisions and orders fixing average weekly wage are decisions and orders other than to extent of disability and prayed that the Common Pleas Court grant and enter judgment of her right to participate or to continue to participate in the Workmen's Compensation Fund of Ohio, and for such other and further relief to which she may be entitled, and a jury trial.

The answer of the defendant, Administrator of the Bureau of Workmen's Compensation, admits that claimant was an employee of Sand Hill Fruit Farm, an employer amenable to and complying with the provisions of the Workmen's Compensation Act of Ohio and that plaintiff filed an application for compensation (Claim No. 23-93932), upon which proceedings were had and orders entered as alleged. The administrator then denied every allegation of plaintiff's petition not specifically admitted to be true and prayed that the petition of plaintiff be dismissed at plaintiff's costs.

Defendant-administrator then moved for a summary judgment in his favor on the grounds that there is no genuine issue as to any material fact in this action and defendant is entitled to judgment as a matter of law as the same appears from the pleadings.

The judgment of the Common Pleas Court from which notice of appeal to this court was filed, reads:

"This cause came on to be heard on the motion of the defendant-administrator for summary judgment in his favor. The court after considering the pleadings and the memorandum of law submitted by counsel and after hearing oral argument finds that the motion should be sustained.

"It is therefore ordered and adjudged that the motion be sustained and that judgment be entered in favor of the defendant-administrator."

After claimant has been granted the right to participate in the Workmen's Compensation Fund, is a decision denying a claimant's later application to have her average weekly wage raised to a higher figure on the basis of the

proof on file, appealable to the Court of Common Pleas under the provisions of Section 4123.519, Revised Code?

The pertinent parts of Section 4123.519, Revised Code, read:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, *other than a decision as to the extent of disability*, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *

"The court, or the jury under instructions of the court, if a jury is demanded, *shall determine the right of the claimant to participate or to continue to participate in the fund* upon the evidence adduced at the hearing of such action." (Emphasis added.)

The most recent decision of the Supreme Court of Ohio relating to the right of a claimant to appeal to the Common Pleas Court from a decision of the Industrial Commission, under the provisions of Section 4123.519, Revised Code, is *State, ex rel. Mansour,* v. *Industrial Commission,* 19 Ohio St. 2d 94. At page 99, citing *State, ex rel. Kauffman,* v. *Industrial Commission,* 121 Ohio St. 472, the court points out that in cases heard on appeal to a Common Pleas Court from the Industrial Commission, the jury may find only whether or not the claimant is entitled to participate in the Workmen's Compensation Fund, and the court may only pronounce judgment whether the claimant is entitled to participate in the Workmen's Compensation Fund and to be paid in the manner provided by workmen's compensation law.

On the same page, citing *Brecount* v. *Procter & Gamble Co.,* 166 Ohio St. 477, the court reiterates that in the event plaintiff's right to participate is established in such case, the Industrial Commission has exclusive jurisdiction to determine, under the Workmen's Compensation Act, the extent of such participation.

At page 98 of the opinion, the court referring to *Roma* v. *Industrial Commission,* 97 Ohio St. 247, with reference to the duty of the commission after a determination by the court that claimant has a right to participate said:

". . "The court noted that the duty of the Industrial Commission, after a court decision, is to determine (1) the extent of disability and (2) amount of compensation to be awarded therefor. We believe the spirit of the law now to be the same under the provisions of Section 4123.519 and Section 4123.57, Revised Code."

The Supreme Court further points out at page 100 of the opinion that were the court to make a determination of average weekly earnings for which there is no provision in the statute, it would necessarily deprive the commission of the right vested in it to make such determination and that there is no provision for remanding such cause for determination by the commission.

The Supreme Court then points out that there is no right of appeal where claimant's injury and ultimate right to participate in the fund have been established and where, as here, we are dealing only with the extent of participation for recognized injury. Where an adequate legal remedy is not otherwise available, if the commission abuses its discretion by failure to perform a statutory duty, the remedy may be via mandamus. See *State, ex rel. Mansour,* v. *Industrial Commission, supra.*

It is our finding that where a claimant's injury has been recognized and her ultimate right to participate in the Workmen's Compensation Fund has been established, a decision of the Industrial Commission denying claimants later application to have her average weekly wage raised to a higher figure on the basis of the proof on file is not a decision other than the extent of disability, and is not appealable to the Court of Common Pleas under Section 4123.519, Revised Code.

Under such circumstances, the Common Pleas Court ought not to have rendered judgment in favor of either party, but should have entered judgment dismissing the appeal for want of jurisdiction. The judgment will be so modified and as modified is affirmed.

*Judgment modified and as modified affirmed.*

Van Nostran, P. J., and Putman, J., concur.