THE STATE, EX REL. BOSCH, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

THE STATE, EX REL. SWEIGART, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as State, ex rel. Bosch, *v.* Indus. Comm. (1982), 1 Ohio St. 3d 94.]

(Nos. 81-1658 and 81-1685—Decided July 28, 1982.)

*Droder & Miller Co., L.P.A., Mr. A. Dennis Miller* and *Mr. Dennis W. Van Houten,* for appellant in case No. 81-1658.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Charles J. Kurtz, III,* and *Ms. Roberta Y. Bavry,* for appellee Cincinnati Gas & Electric Co. in case No. 81-1658.

*Messrs. Keating, Muething & Klekamp, Mr. Joseph L. Trauth, Jr.,* and *Mr. Gregory M. Utter,* for relator in case No. 81-1685.

*Mr. William J. Brown,* attorney general, and *Mr. Bernard C. Fox, Jr.,* for Industrial Commission in case Nos. 81-1658 and 81-1685.

WILLIAM B. BROWN, J.

*No. 81-1685*

I

The threshold question presented in case No. 81-1685 is whether a writ of mandamus would be proper relief in this cause. "In order for a writ of mandamus to issue, this court must find that relator has a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6, 7 [15 O.O. 3d 3].

R.C. 4123.519 provides, in pertinent part: "[t]he claimant or the employer may appeal a decision of the industrial commission * * * in any injury or occupational disease case, *other than a decision as to the extent of disability,* to the court of common pleas * * *." (Emphasis added.) R.C. 4123.519 expressly provides, therefore, that the right of appeal is precluded in cases involving the extent of disability. Mandamus, then, is proper to challenge the commission's decision on such a question. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278 [71 O.O. 2d 255].

"* * * [A]n order constituting a denial that is absolute and which goes to the basis of claimant's right to participate in the fund is not a 'decision as to the extent of disability,' and is appealable pursuant to R.C. 4123.519." *Id.,* at page 280. Conversely, a decision affecting a claimant's compensation, once claimant's right to participate in the fund had previously been established, is a decision as to the extent of disability and is not appealable. *State, ex rel. Commercial Motor Freight,* v. *Stebbins* (1975), 42 Ohio St. 2d 389 [71 O.O. 2d 273].

In the case before this court, relator's claim for temporary total disability was allowed in 1978. This injury formed the basis for his 1980 motion for additional compensation. That application did not involve the determination of his right to participate in the fund, which had been previously decided, but rather involved an increase in compensation based upon a previously compensable injury. Relator's motion for additional compensation pertained to extent of disability and the decision of respondent to deny the motion is not appealable. Mandamus is, therefore, a proper form of relief in this case to test the Industrial Commission's exercise of its discretion.

## II

Industrial Commission Resolution No. R80-7-67, passed July 30, 1980, provides that the decision of this court in *State, ex rel. Walker,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 402 [12 O.O. 3d 347], "is not to be applied retroactively but shall apply only to claims where the date of injury is subsequent to June 20, 1979 [the date of the decision]." The syllabus of *Walker* provides "[a] total and permanent loss of use of both legs constitutes a 'loss' within the meaning of R.C. 4123.57(C). (*State, ex rel. Gassmann,* v. *Indus. Comm.,* 41 Ohio St. 2d 64 [75 O.O. 2d 157], followed; *State, ex rel. Bohan,* v. *Indus. Comm.,* 146 Ohio St. 618 [33 O.O. 92], overruled.)"

Relator in case No. 81-1685 argues that *Walker* is a clarification of the original legislative intent in R.C. 4123.57(C) which establishes his right to the additional compensation. Furthermore, he argues that absent specific provision by this court, *Walker* should not be limited to injuries occurring after the date of the decision, but is applicable to all claimants sustaining injuries compensable under the statute. For the foregoing reasons, we agree.

In *State, ex rel. Bohan,* v. *Indus. Comm.* (1946), 146 Ohio St. 618 [33 O.O. 92], this court interpreted G.C. 1465-80 (predecessor section to R.C. 4123.57[C]) and concluded that "[t]he word 'loss' as used in Section 1465-80, General Code, and therein applied to certain members of the human body means loss by severance and not the loss of use of such members." *Id.,* at paragraph two of the syllabus.

The continuing validity of this holding was placed in some doubt, however, by *State, ex rel. Gassmann,* v. *Indus. Comm.* (1975), 41 Ohio St. 2d 64 [75 O.O. 2d 157], in which "loss" as used in R.C. 4123.58 was held to include "[t]otal and permanent paralysis of the body from the waist down * * *." This interpretation of R.C. 4123.58 was "fortified" by a 1973 amendment to the section

(135 Ohio Laws 1690, 1706) which specifically included "loss" and "loss of use" within the section. *Id.*, at page 67. The amendment, in the view of this court, merely clarified the original legislative intent of the section.

Although *Gassmann* was careful to distinguish between the language and legislative histories of R.C. 4123.57 and 4123.58, this court in *State, ex rel. Walker,* v. *Indus. Comm., supra,* adopted the rationale of *Gassmann,* and explicitly followed it while overruling *Bohan.* We held that " '* * * [f]or all practical purposes, relator has lost his legs to the same effect and extent as if they had been amputated or otherwise physically removed.' " *Walker,* at pages 403-404 (quoting *Gassmann,* at page 67).

The case before this court falls clearly within the purview of *Walker,* and but for respondent's resolution to apply the case prospectively, relator would have a clear legal right to additional compensation. We turn, then, to the retroactivity of *Walker.*

It should be recognized that there is no specific provision in *Walker* that its interpretation of R.C. 4123.57(C) be applied prospectively only. Nor was the holding in *Gassmann,* upon which *Walker* is founded, so limited. In the absence of a specific provision in a decision declaring its application to be prospective only, see, *e.g., Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O. 2d 474], the decision shall be applied retrospectively as well: "* * * [t]he general rule is that a decision of the court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Electric Co.* v. *Bowers* (1955), 164 Ohio St. 209, 210 [57 O.O. 411]. There was no basis, then, for the resolution of respondent applying *Walker* prospectively only, and, as such, respondent is under a clear legal duty to perform the requested act and award respondent additional compensation pursuant to R.C. 4123.57(C).[3]

Relator's complaint also included a request for attorney's fees. This request, however, was not addressed in his brief. Moreover, neither R.C. 4123.519 nor 2731.11 authorizes recovery of attorney's fees. *State, ex rel. Murphy,* v. *Indus. Comm.* (1980), 61 Ohio St. 2d 312, 313 [15 O.O. 3d 386].[4]

### No. 81-1658

The sole issue presented in case No. 81-1658 is whether appellant's complaint for writ of mandamus was properly dismissed. Appellees assert, and the Court of Appeals so held, that *State, ex rel. Foley,* v. *Greyhound Lines*

---

[3] We note also that under respondent's application of *Walker,* Randal Walker, the relator therein, would be denied relief since his injury occurred in 1975.

[4] Relator also raises an issue that Industrial Commission Resolution No. R80-7-67 is being discriminatorily applied. Given our resolution of the retroactivity issue, we need not address this question.

(1968), 16 Ohio St. 2d 6 [45 O.O. 2d 223], is controlling and compels affirmance in this case.[5] For the foregoing reasons, we disagree.

In *Foley*, the claimant was awarded permanent total disability for injuries to his back, shoulder and ankle pursuant to R.C. 4123.58. Thereafter, as a result of his compensable injuries, his left leg was amputated. The claimant then filed an application to reactivate his original claim and to be paid additional compensation for permanent partial disability under R.C. 4123.57(C), for loss of his left foot.

The Industrial Commission denied the claim because the claimant was already being paid the maximum award permitted by law under R.C. 4123.58. He subsequently filed a complaint for a writ of mandamus in the Court of Appeals which was allowed.

Upon appeal, this court reversed the judgment of the Court of Appeals, holding that: "The 'extent' of Foley's disability is not involved, since he was awarded and is drawing the maximum benefits allowable for permanent total disability. His present claim is based entirely on his right to *additional compensation* for the loss of a foot by the application of another section of the statutes." *Id.*, at page 9. (Emphasis *sic*.)

The holding in *Foley* appears to be virtually unique among the cases which have considered the question of when a decision goes to the "extent of disability" as opposed to the "right to participate" in the Workers' Compensation Fund. See *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [11 O.O. 3d 503], and the cases cited therein. Rather, the guiding principle for determination of this question is whether the decision of the Industrial Commission "constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries." *Id.*, paragraph two of the syllabus.

In the present case, appellant filed an application for additional benefits pursuant to R.C. 4123.57(C). He seeks, in essence, an award for permanent partial disability for an injury which previously was deemed compensable as a permanent and total disability. Since the same compensable injury would be the basis for the additional award, if granted, and since his right to participate in the Workers' Compensation Fund for that specific injury has been determined, an additional award would be a determination as to the extent of ap-

---

[5] Appellees also rely on *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94 [48 O.O. 2d 98]. *Mansour* cites *Foley* for the proposition that, following an initial award pursuant to R.C. 4123.58, an application for added compensation pursuant to R.C. 4123.57 is a "legal question basic to his [claimant's] ultimate right to be compensated for a specific injury" and is appealable under R.C. 4123.519. *Mansour,* at page 101. On its facts, however, *Mansour,* does not support appellees' contention, holding that:

"An order of the Industrial Commission refusing to allow a change of election for payment of compensation from division (B) to division (A) of Section 4123.57, Revised Code, is not a decision other than the extent of disability, appealable to the Court of Common Pleas under the provisions of Section 4123.519, Revised Code." *Id.*, at paragraph two of the syllabus.

pellant's disability. We hold that once a claimant's right to participate in the fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions has been determined, any further decision of the Industrial Commission pertaining to the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those specific losses or impairments of bodily function is as to "extent of disability." Such decision is not, therefore, appealable pursuant to R.C. 4123.519.

Accordingly, we overrule *State, ex rel. Foley,* v. *Greyhound Lines, supra,* and reverse the Court of Appeals' judgment and remand this cause for further proceedings consistent with this decision.

> *Writ allowed in part and*
> *denied in part in case No. 81-1685.*
> *Judgment reversed and cause*
> *remanded in case No. 81-1658.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KRUPANSKY, J., concurring in part and dissenting in part. While I concur with the majority's decision denying attorney's fees as to relator Sweigart, I must respectfully dissent as to the remainder of the majority's disposition of these two cases.

In my view, both Sweigart and Bosch had an adequate remedy at law by way of appeal pursuant to R.C. 4123.519; for this reason mandamus is not a proper remedy in either case.

Although the claimants in these cases are already participating in the Workers' Compensation Fund based on temporary total disability, pursuant to R.C. 4123.56, and permanent total disability, pursuant to R.C. 4123.58, what is at issue in these cases is the claimants' right to participate in *additional compensation* pursuant to R.C. 4123.57(C). The *extent* of the claimants' disabilities has already been determined — Sweigart has been found to be temporarily, totally disabled, and Bosch has been found to be permanently, totally disabled. The *extent* of their disabilities is not at issue, therefore, mandamus will not lie.

In my opinion, the reasoning in *State, ex rel. Foley,* v. *Greyhound Lines* (1968), 16 Ohio St. 2d 6 [45 O.O. 2d 223], is sound and should not be overruled. Once a claimant has been found to be totally disabled pursuant to R.C. 4123.58 or 4123.56, the extent of the claimant's disability has been decided; any issues relating to such a claimant's right to participate in additional compensation pursuant to R.C. 4123.57(C) are, therefore, appealable.

I would, therefore, deny the writ as to Sweigart and affirm the judgment of the Court of Appeals as to Bosch.