[Cite as *Martin v. Taylor*, 2021-Ohio-4614.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| JAMES W. MARTIN, III, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF NANCY J. MARTIN, DECEASED, | CASE NO. 2021-L-046 |
| Plaintiff-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | Trial Court No. 2018 CV 000735 |
| JAY TAYLOR, M.D., et al., | |
| Defendants-Appellees. | |

## O P I N I O N

Decided: December 30, 2021
Judgment: Affirmed

*Eric H. Zagrans*, Zagrans Law Firm, LLC, 1640 Roundwyck Lane, Columbus, OH 43065; and *Jeffrey R. Wahl*, Jeffrey R. Wahl Co., LPA, 30799 Pinetree Road, Suite 241, Cleveland, OH 44124 (For Plaintiff-Appellant).

*Clifford C. Masch*, Reminger Co., LPA, 1400 Midland Building, 101 Prospect Avenue, West, Cleveland, OH 44115; *Bret C. Perry* and *Brian F. Lange*, Bonezzi Switzer Polito & Hupp Co., LPA, 1300 East Ninth Street, Suite 1950, Cleveland, OH 44114; and *Douglas G. Leak* and *Beverly A. Sandacz*, Hanna Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, Akron, OH 44333 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1} Appellant, James W. Martin, III, individually and as executor of the estate of Nancy J. Martin, deceased, appeals the judgments (1) granting appellees' motions for summary judgment, wherein the trial court found Martin's claims for medical malpractice

and wrongful death barred by the medical statute of repose, and (2) denying Martin's Civ.R. 60(B) motion for relief from judgment. We affirm.

{¶2} To facilitate our discussion, we address the procedural history of this case in combination with Martin's four assigned errors, all of which pertain to some extent to the medical statute of repose:

{¶3} "[1.] Where the applicability of the Statute of Repose to Plaintiff's claims was first raised and ruled on after Plaintiffs' experts had already issued their expert reports and had been deposed, and where the law concerning the proper interpretation and application of the Statute of Repose changed in the middle of the proceedings below, the trial court abused its discretion by unreasonably and arbitrarily (i) denying Plaintiff's Civ.R. 56(F) request for additional time to obtain supplemental affidavits or expert reports to oppose Defendant's renewed motions for summary judgment, (ii) refusing to consider the supplemental expert reports Plaintiff ultimately obtained and submitted in support of his motion for relief from judgment under Civ.R. 60(B), and (iii) denying relief from summary judgment under Civ.R. 60(B) as a result."

{¶4} "[2.] The trial court erred in failing to hold that the medical claims Statute of Repose is unconstitutional as applied to Plaintiff's wrongful death claim because its application violates the 'right to remedy' provision of Art. I, Sec. 16, of the Ohio Constitution."

{¶5} "[3.] The trial court erred in failing to apply the new rule of the law interpreting the Savings Statute, R.C. 2305.19(A), announced in *Wilson v. Durrani*, prospectively only."

2

{¶6} "[4.] The trial court erred in applying the medical claims Statute of Repose to Plaintiff's wrongful death claim because it is not a 'medical claim' subject to that Statute of Repose."

{¶7} Both claims in this case involve the applicability and interplay of the following statutes: the statute of limitations for medical claims contained in R.C. 2305.113(A), the statute of limitations for wrongful death claims contained in R.C. 2125.02(D)(1), the statute of repose for medical claims contained in R.C. 2305.113(C), and the savings statute contained in R.C. 2305.19(A).

{¶8} With respect to the statutes of limitations relative to Martin's claims, R.C. 2305.113(A) provides, "Except as otherwise provided in this section, an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." R.C. 2125.02(D)(1) provides, "Except as provided in division (D)(2) of this section, a civil action for wrongful death shall be commenced within two years after the decedent's death."

{¶9} The statute of repose for medical claims contained in R.C. 2305.113(C) provides:

> Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:
>
> (1) No action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim.
>
> (2) If an action upon a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim, then, any action upon that claim is barred.

3

Case No. 2021-L-046

{¶10} The savings statute contained in R.C. 2305.19(A) provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

{¶11} Here, in a case previously filed on January 14, 2016, James and Nancy Martin alleged medical malpractice against appellees for failing to timely diagnose and treat Nancy's lung cancer. On May 11, 2017, the complaint was voluntarily dismissed pursuant to Civ.R. 41(A)(1)(a). Nancy passed away on September 2, 2017.

{¶12} On May 10, 2018, Martin filed the complaint in the instant case, both in his individual capacity and as executor of Nancy's estate, for medical malpractice (survivorship) and wrongful death against Jay Taylor, M.D.; Lake County Family Practice, Inc. ("LCFP"); E. Luke Bold, M.D.; and Eastside ENT Specialists, Inc. ("Eastside"). In the complaint, denoted as refiled from the former case, Martin alleged that Nancy was diagnosed with advanced adenocarcinoma of the lung in 2014. Martin maintained that Taylor and Bold, who practiced with LCFP and Eastside, respectively, examined Nancy on several occasions from 2011-2014. Martin asserted that Nancy had informed the doctors that she had smoked about one pack of cigarettes daily for thirty years until she ceased smoking in approximately 1996, and she complained to the doctors of chronic cough and related respiratory conditions. Martin alleged that the doctors departed from

4

the standards of care, delaying diagnosis and treatment of Nancy's cancer until October 2014, and reducing the likelihood of success of her treatment.

{¶13} There is no dispute that Martin's claims were timely filed under the applicable statutes of limitations of R.C. 2305.113(A) and R.C. 2125.02(D)(1), after application of the savings statute to the medical malpractice claim. *See* R.C. 2305.19(A).

{¶14} Thereafter, Martin voluntarily dismissed his claims against Bold and Eastside. Subsequently, appellees moved for summary judgment. In their motions, appellees argued that both of Martin's claims were time barred under the four-year medical statute of repose contained in R.C. 2305.113(C) and that the savings statute of R.C. 2305.19(A) applied only to the statute of limitations and not the statute of repose. Appellees pointed to the deposition of Martin's expert Jaideep S. Talwalkar, M.D. and the allegations contained in the original and refiled complaints in support of their position that the acts/omissions constituting the basis of the claims occurred prior to May 10, 2014, more than four years prior to the commencement of the present action.

{¶15} Martin opposed the motion, arguing that (1) the savings statute applied to both the statute of limitations and the statute of repose; (2) Taylor's negligence continued to occur from May 10, 2014, through the end of October 2014 and thus occurred within four years of the filing of the present complaint; (3) the wrongful death claim was not a "medical claim" for purposes of the statute of repose; and (4) the application of the statute of repose to bar a wrongful death claim prior to death violates due process. In support of his first argument, Martin cited *Wilson v. Durrani*, 2019-Ohio-3880, 145 N.E.3d 1071 (1st Dist.) ("*Wilson I*"). Therein, the First District Court of Appeals held that where the savings

5

statute is properly applied, a medical claim could survive beyond the expiration of the four-year statute of repose. *Id.* at ¶ 31.

{¶16}  On May 13, 2020, the trial court issued an entry finding *Wilson I* persuasive and agreeing with Martin insofar as he argued that the savings statute applied to extend the time for filing the medical malpractice claim under the statute of repose.  Accordingly, the trial court denied the motion for summary judgment as to this claim.  The trial court agreed with appellees that the medical statute of repose applied both to the re-filed medical malpractice claim and to the wrongful death claim.  However, the trial court denied summary judgment on the wrongful death claim solely because there was a genuine issue of material fact remaining as to when Taylor's care was alleged to have fallen below the acceptable standards of care.

{¶17} Appellees sought partial reconsideration of the ruling on summary judgment, and the trial court granted the motions to clarify its order with respect to the wrongful death claim.  The trial court concluded that, "pursuant to R.C. 2305.113(C), no act or omission which took place on or before May 10, 2014 can constitute the basis" for the wrongful death claim.

{¶18}  On December 20, 2020, the Supreme Court of Ohio reversed *Wilson I* in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ("*Wilson II*"), *reconsideration granted in part*, 161 Ohio St.3d 1453, 2021-Ohio-534, 163 N.E.3d 580, and held that the savings statute did not provide an extension of the medical statute of repose.    *Id.* at ¶ 38-39.  Thereafter, appellees renewed their motions for summary judgment with leave of the court.  In their renewed motions, appellees again asserted that both of Martin's claims were barred by the four-year statute of repose pursuant to *Wilson*

6

*II.* In addition, appellees pointed to deposition testimony of Martin's standard of care and causation experts, wherein they opined, respectively, that the best example of Taylor's deviation from the standard of care occurred on January 11, 2013, and that Nancy's chance of survival was "much below" fifty percent by the end of 2013.

{¶19} On February 16, 2021, Martin opposed the renewed summary judgment motion, arguing that the longevity of *Wilson II* was in doubt, a motion for reconsideration of *Wilson II* was pending before the Supreme Court, the holding of *Wilson II* should be applied prospectively only, and the statute of repose as applied to the wrongful death claim would violate the right-to-remedy pursuant to Article I, Section 16, of the Ohio Constitution. Martin specifically did not point to evidence speaking to whether there was a question of fact that acts or omissions occurring after May 10, 2014, could provide the basis of his claims. Instead, he alternatively requested that the court, if it disagreed with him relative to his aforementioned arguments, permit him time, pursuant to Civ.R. 56(F), to obtain and present affidavits or other discovery relative to the time period between May 2014 and October 2014. In addition, Martin filed a motion for reconsideration of the court's order granting partial summary judgment to appellees based upon his argument that the medical statute of repose as applied to a wrongful death claim violates the right-to-remedy provision of the Ohio Constitution and further arguing that the Supreme Court's holding in *Wilson II* should have only prospective application.

{¶20} Thereafter, the Supreme Court granted in part the motion for reconsideration of *Wilson II* on an issue not raised here. *See Wilson v. Durrani*, 161 Ohio St.3d 1453, 2021-Ohio-534, 163 N.E.3d 580 ("Cause remanded to the court of appeals solely to consider whether the repose period was tolled under R.C. 2305.15(A)."). The

7

Case No. 2021-L-046

Supreme Court then denied the request of amicus curiae "that [the] decision be applied prospectively only." *Id.*

**{¶21}** Subsequently, the trial court issued a judgment entry granting appellees' renewed motion for summary judgment on both claims for medical malpractice and wrongful death and denying Martin's motion for reconsideration.

**{¶22}** On April 13, 2021, Martin moved for relief from judgment pursuant to Civ.R. 60(B)(2) and (5). Martin maintained that he had not requested his experts to concentrate on the period between May 10, 2014, and October 24, 2014, because he had anticipated that the Supreme Court would uphold the First District's decision in *Wilson I*. In February 2021, after appellees filed their renewed motions, Martin had requested the experts to express opinions on the standard of care and causation by focusing only on the events within the above time period. However, due to scheduling conflicts, Martin maintained that the doctors were unable to provide supplemental reports until April 2021. Martin attached the supplemental reports to his motion and maintained that the reports indicated that Taylor breached the standard of care during that time period. In Martin's causation expert's report, the expert stated that he wished to revise his previous opinion expressed at his deposition, as follows:

> In response to a question, I stated that Mrs. Martin's probability of survival at the end of 2013 and the beginning of 2014 was much less than 50%. Upon further review and reflection, that statement was mistaken. Applying the correct conservative doubling time, the tumor at the end of 2013 and the beginning of 2014 would most likely have been less than 3 cm in size since I believe it would have been less than 3 cm in size even as late as mid-May 2014.

> At less than 3 cm in size at the time of diagnosis, if that had occurred in mid-May 2014, Mrs. Martin's probability of five-

8

year survival, and even ten-year survival, would have been greater than 50%. * * *

{¶23} On April 14, 2021, Martin appealed the court's judgment granting the motions for summary judgment and denying his motion for reconsideration. Thereafter, Martin moved to remand this case for a ruling on his Civ.R. 60(B) motion. This court granted the limited remand. On May 12, 2021, the trial court denied Martin's motion, and Martin filed an amended notice of appeal to include appeal of the May 12, 2021 judgment.

{¶24} Considering this procedural background, in his first assigned error, Martin argues that the trial court erred in failing to grant him additional time to obtain the supplemental expert reports to oppose the renewed motions for summary judgment on both the claims for medical malpractice and for wrongful death and in denying him relief from summary judgment under Civ.R. 60(B).

{¶25} Regarding the former argument, Civ.R. 56(F) provides:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶26} We review a ruling on a request for additional time under Civ.R. 56(F) for an abuse of discretion. *Brown v. Miller*, 11th Dist. Geauga No. 2012-G-3055, 2012-Ohio-5223, ¶ 15, quoting *Marshall v. Silsby*, 11th Dist. Lake No. 2004-L-094, 2005-Ohio-5609, ¶ 19, and citing *Wescott v. Associated Estates Realty Corp.*, 11th Dist. Lake Nos. 2003-L-059 & 2003-L-060, 2004-Ohio-6183, ¶ 17 ("the trial court's decisions on discovery matters will not be reversed absent an abuse of discretion"). "An abuse of discretion is the '"failure to exercise sound, reasonable, and legal decision-making."'" *Gray v. Jorz*,

9

11th Dist. Lake No. 2020-L-106, 2021-Ohio-1010, ¶ 4, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004); *see also State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980) (the term "abuse of discretion" implies that the court's decision is "unreasonable, arbitrary or unconscionable").

{¶27} "In interpreting Civ.R. 56(F), this court has indicated that a trial court should apply the rule liberally to ensure that the nonmoving party in any summary judgment exercise has sufficient time to discover any fact which is needed to properly rebut the argument of the moving party." *Brown* at ¶ 21, citing *King v. Zell*, 11th Dist. Trumbull No. 97-T-0186, 1998 WL 964541, *3 (Dec. 31, 1998).

> "However, the nonmoving party does not have an absolute right to be given additional discovery time in every instance. To be entitled to a continuance under the rule, the nonmoving party has the burden of establishing a sufficient reason for the additional time. * * * That is, the party requesting more time must show that the additional discovery will actually aid in either the demonstration or negation of a fact relevant to an issue raised in the motion for summary judgment."

*Brown* at ¶ 21, quoting *Marshall* at ¶ 18.

{¶28} Here, the trial court denied Martin's motion for additional time, reasoning as follows:

> The plaintiff should have been aware since at least May 13, 2020, when the court denied the defendants' motions for summary judgment, that the court had determined that the statute of repose applied to the wrongful death claim and that the defendants had raised the issue of proximate cause regarding any acts or omissions occurring after May 10, 2014 with regards to that claim. The court declined to address the issue of proximate cause in its May 13, 2020 ruling only because that issue was first raised in the defendants' reply brief, and was thus not a basis for their motion for summary judgment. *Further, on July 2, 2020, in its ruling on defendants'*

10

*motions for reconsideration, the court explicitly stated that the plaintiff's wrongful death claim could not be based on acts or omissions that occurred before May 10, 2014.*

(Emphasis added.)

{¶29} We cannot say the trial court abused its discretion in denying the alternative motion for additional time under Civ.R. 56(F). Martin bore the burden of proving causation and was therefore on notice throughout the pendency of this case of the relevancy of all breaches of the standard of care causing injury. Moreover, on July 2, 2020, the trial court had clearly limited the wrongful death claim to acts or omissions occurring after May 10, 2014. Martin provided no justifiable reason for his delay until February 2021 to request time to procure updated expert reports to address the time period after May 10, 2014. Accordingly, to the extent that Martin argues the trial court erred in denying his Civ.R. 56(F) motion, his first assigned error lacks merit.

{¶30} Regarding the remainder of his first assigned error pertaining to denial of his motion for relief from judgment, we review the trial court's ruling on this motion for an abuse of discretion. *Chapman v. Chapman*, 11th Dist. Lake No. 2015-L-039, 2015-Ohio-4833, ¶ 22.

{¶31} Civ. R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

11

Case No. 2021-L-046

application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

{¶32} Accordingly,

"[t]o prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

*Chapman* at ¶ 23, quoting *GTE Automatic Elec., Inc. v. ARC Indus., Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶33} Here, Martin relied on Civ.R. 60(B)(2) and (5). "In order to secure relief from judgment under Civ.R. 60(B)(5), the grounds for the requested relief must be substantial and extraordinary." *Chapman* at ¶ 27, citing *Harrison v. Doerner*, 8th Dist. Cuyahoga No. 94270, 2010-Ohio-4682, ¶ 17-18. "Further, this catch-all provision 'is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B).'" *Chapman* at ¶ 27, quoting *Harrison* at ¶ 18.

{¶34} In ruling on Martin's Civ.R. 60(B) motion, the trial court referenced its March 15, 2021 judgment that denied the Civ.R. 56(F) motion, and it then denied Martin's Civ.R. 60(B) motion on essentially the same basis—that Martin should have earlier obtained supplemental reports from his experts regarding the May 10, 2014, to October 2014 time period.

12

{¶35} Assuming that the opinions contained in the supplemental expert reports constitute "newly discovered evidence" for the purposes of Civ.R. 60(B)(2) grounds, the trial court did not err in denying the motion, as we cannot say that the court abused its discretion in essentially determining that due diligence would have sooner uncovered the experts' opinions as to medical negligence during the time frame at issue. Further, the grounds for relief are not the substantial or extraordinary grounds that would support relief from judgment under the catch-all provision of Civ.R. 60(B)(5). Accordingly, the remainder of Martin's first assigned error lacks merit.

{¶36} With respect to Martin's second assigned error, which pertains to the wrongful death claim only, he argues that application of the statute of repose unconstitutionally denied a remedy for Nancy's wrongful death.

{¶37} "A party may challenge the constitutionality of a statute with either a facial challenge or an as-applied challenge." *Simpkins v. Grace Brethren Church of Delaware, Ohio*, 149 Ohio St.3d 307, 2016-Ohio-8118, 75 N.E.3d 122, ¶ 20, citing *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 26. "A party raising an as-applied constitutional challenge must prove by clear and convincing evidence that the statute is unconstitutional when applied to an existing set of facts." *Simpkins* at ¶ 22, citing *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 181. When addressing constitutional challenges, we must remain mindful "that all statutes are entitled to a strong presumption of constitutionality." *Simpkins* at ¶ 22, citing *Arbino* at ¶ 25. "'The only judicial inquiry into the constitutionality of a statute involves the question of legislative power, not legislative wisdom.'" *Ruther v. Kaiser*, 134 Ohio St.3d

13

408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 9, quoting *State ex rel. Bowman v. Bd. of Commrs. of Allen Cty.*, 124 Ohio St. 174, 196, 177 N.E. 271 (1931).

{¶38} The right-to-remedy provision of the Ohio Constitution provides that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Ohio Constitution, Article I, Section 16. "[T]he right-to-remedy provision applies only to existing, vested rights and * * * the legislature determines what injuries are recognized and what remedies are available." *Ruther* at ¶ 13, citing *Groch* at ¶ 150, quoting *Sedar v. Knowlton Constr. Co.*, 49 Ohio St.3d 193, 202, 551 N.E.2d 938 (1990), *overruled on other grounds*, *Brennaman v. R.M.I. Co.*, 70 Ohio St.3d 460, 639 N.E.2d 425 (1994). "Thus, the General Assembly has the right to determine what causes of action the law will recognize and to alter the common law by abolishing the action, by defining the action, or by placing a time limit after which an injury is no longer a legal injury." *Ruther* at ¶ 14.

{¶39} As set forth above, R.C. 2305.113(C) provides, with exceptions not relevant here, that an action on a medical claim must be commenced within four years after the occurrence of the breach of the standard of care, or the claim is barred. R.C. 2305.113(C) operates as a statute of repose because it "bars 'any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury.'" *Wilson II,* 2020-Ohio-6827, at ¶ 9, quoting *Black's Law Dictionary* 1707 (11th Ed.2019).

{¶40} The constitutionality of R.C. 2305.113(C) was not at issue in *Wilson II*. However, prior to *Wilson II*, in *Ruther,* the Supreme Court of Ohio addressed the question

14

of whether the medical statute of repose as applied to a medical negligence claim violated the right-to-remedy provision of the Ohio Constitution where the injury was discovered more than ten years after the alleged breach of the standard of care. The plaintiff there argued that because the statute of repose barred the claim *after* it had already vested, *but before* the plaintiff knew or reasonably could have known about the claim, the statute violated the right-to-remedy provision. *Ruther*, 2012-Ohio-5686, at ¶ 7. The *Ruther* Court explained that this argument was mistakenly premised upon a negligence claim vesting upon breach of the standard of care. *Id.* at ¶ 16. Instead, the Supreme Court explained that "it is when a patient discovers or in the exercise of reasonable care and diligence should have discovered the resulting injury that a cause of action for medical malpractice accrues, or, in other words, vests." *Id.* at ¶ 17, citing *Oliver v. Kaiser Community Health Found.*, 5 Ohio St.3d 111, 449 N.E.2d 438 (1983) and *Hershberger v. Akron City Hosp.*, 34 Ohio St.3d 1, 516 N.E.2d 204 (1987), paragraph one of the syllabus. The Supreme Court concluded that the medical statute of repose *prevents a cause of action from vesting* more than four years after the breach of the duty of care. *Ruther* at ¶ 18.

{¶41} As applied to the wrongful death claim here, the medical statute of repose did not deny Martin a vested right to a remedy, as the claim would not have vested until Nancy's death. As Nancy's death occurred more than four years after the alleged acts/omissions underlying the claim, the statute of repose prevented the cause of action from vesting, and the statute as applied to this claim does not unconstitutionally violate the right to a remedy. Accordingly, Martin's second assigned error lacks merit.

{¶42} With respect to Martin's third assigned error, which applies to both the medical malpractice and wrongful death claims, he argues that the trial court erred in

15

failing to find *Wilson II* to have only prospective application. "In the absence of a specific provision in a decision declaring its application to be prospective only, the decision shall be applied retrospectively as well[.]" (Internal citation omitted.) *State ex rel. Bosch v. Indus. Comm. of Ohio*, 1 Ohio St.3d 94, 98, 438 N.E.2d 415 (1982). Here, the Supreme Court did not announce prospective-only application in *Wilson II*, and it specifically denied a request for prospective-only application when it ruled on the motion for reconsideration of *Wilson II*. *See Wilson*, 2021-Ohio-534.

{¶43} Accordingly, Martin's third assigned error lacks merit.

{¶44} With respect to Martin's fourth assigned error, he argues that summary judgment on the wrongful death claim was improper, asserting that because the statutes of limitations for medical claims and wrongful death claims are contained in different statutory sections, a wrongful death claim is not a "medical claim" to which the statute of repose would apply.

{¶45} A "medical claim" for purposes of the statute of repose is

> any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. * * *

R.C. 2305.113(E)(3).

{¶46} There is no dispute that Martin's wrongful death claim is based upon the "medical diagnosis, care, or treatment" of Nancy. Although the wrongful death claim is subject to a different statute of limitations, it does not follow that is not a "medical claim"

16

Case No. 2021-L-046

for purposes of the statute of repose. Moreover, this court has specifically held that wrongful death claims may constitute medical claims under R.C. 2305.113(E)(3). *Wilson v. Mercy Health*, 11th Dist. Trumbull No. 2021-T-0004, 2021-Ohio-2470, ¶ 23-34. Accordingly, Martin's fourth assigned error lacks merit.

{¶47} Having found no merit to Martin's four assigned errors, the judgments of the Lake County Court of Common Pleas are affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-L-046